# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.**

**DONNA E. CLARK,**
**Defendant.**                                          **10-CV-00941-DRH**

### ORDER

**HERNDON, Chief Judge:**

On November 18, 2010, plaintiff United States of America (the government) commenced the above-captioned mortgage foreclosure suit against defendant Donna E. Clark. Defendant was properly served herein but failed to move, answer, or otherwise plead in response to the complaint. Based on that failure, the government secured the Clerk's entry of default on March 15, 2011, pursuant to Federal Rule of Civil Procedure 55(a). Now before this Court is plaintiff's amended motion for default judgment (Doc. 10) under Federal Rule of Civil Procedure 55(b). For the reasons that follow, the Court defers ruling on the motion and orders the government to comply with the Local Rules of the United States District Court for the Southern District of Illinois (the local rules).

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir.

2004). Once a default has been entered by the Clerk of Court, the local rules, specifically, Local Rule 55.1(a) requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." SDIL-LR 55.1(a).

Further, Local Rule 55.1(b) requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney." SDIL-LR 55.1(b). This Court has interpreted this to mean that the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed.

Here, the government has failed to comply with Local Rule 55.1(a), i.e., the government has failed to certify to the Court that notice of entry of default has been sent to defendant by regular mail sent to the last known address of defendant, and Local Rule 55.1(b), i.e., the motion seeking default judgment does not contain a statement that a copy of the motion has been mailed to the last known address of defendant or defendant's attorney, if known or reasonably should be known by the government -- if not known, the government should certify to that.

Accordingly, the Court hereby DIRECTS the government to comply with the

local rules as specified in this Order. The government is ordered to file a supplement to its motion to demonstrate full compliance with the local rules by May 4, 2011. The Court reserves ruling on the motion (Doc. 10) until that time.

**IT IS SO ORDERED.**

Signed this 20th day of April, 2011.

Digitally signed by
David R. Herndon
Date: 2011.04.20
11:42:11 -05'00'

**Chief Judge
United States District Court**